UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MURIANDA RUFFIN,

        Plaintiff,

   v.

ALLSTATE INSURANCE COMPANY,

        Defendant.

Civil No. 15-501 (NLH/AMD)

OPINION

**APPEARANCES**:

KATIE ANN PILGREN
ARI R. KARPF
KARPF, KARPF & CERUTTI, P.C.
3331 STREET ROAD, SUITE 128
TWO GREENWOOD SQUARE
BENSALEM, PA 19020
    On behalf of plaintiff

KERRIE RESTIERI HESLIN
NUKK-FREEMAN & CERRA, PC
26 MAIN STREET
SUITE 301
CHATHAM, NJ 07928
    On behalf of defendant

**HILLMAN**, **District Judge**

    Presently before the Court is the motion of defendant to dismiss plaintiff's employment discrimination claims against it. Also pending is plaintiff's motion for leave to file an amended complaint. For the reasons expressed below, defendant's motion will be denied, and plaintiff's motion will be granted.

## BACKGROUND & DISCUSSION

    Plaintiff, Murianda Ruffin, is a black (African-American)

female who was hired on June 2, 2008 by defendant, Allstate Insurance Company, as a trial attorney.  Plaintiff claims that during her employment she was subjected to discrimination and retaliation due to her race, including the denial of authorization to take certain continuing legal education courses, the selective enforcement of leave policies, the denial of a promotion because she complained about racial inequality, and being forced to resign on August 6, 2014 while on medical leave when defendant learned of plaintiff's complaint she filed with the New Jersey Division on Civil Rights.

On January 23, 2015, Plaintiff filed a three-count complaint against defendant, claiming wrongful termination, failure to promote, and race discrimination and retaliation in violation of 42 U.S.C. § 1981 (Counts I and II), and violations of the Family Medical Leave Act, 29 U.S.C. § 2611, et seq. ("FMLA") (Count III).[1]  Plaintiff is seeking to amend her complaint to add counts for violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA").  These claims were not included in the original complaint because plaintiff had not yet exhausted her administrative remedies with the Employment Opportunity Commission ("EEOC") for her September 23, 2014 charge of

---

[1] The Court may exercise subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

2

discrimination.  Plaintiff received her right-to-sue letter on March 3, 2015, and is timely seeking to add these additional claims based on the same factual allegation in her original complaint.

Defendant has moved to dismiss plaintiff's complaint, and opposes plaintiff's motion for leave to amend her complaint, because it contends that plaintiff settled all her claims against defendant during the New Jersey Division of Civil Rights ("DCR") mediation.[2]  Defendant argues that plaintiff's entire case is barred by that settlement agreement, which defendant attaches as an exhibit to its motion.  In response, plaintiff argues that not only is defendant's motion improperly brought pursuant to Federal Civil Procedure 12(b)(6) because defendant asks the Court to consider documents extraneous to her complaint, but also that she vigorously denies that she settled her claims with defendant at the DCR mediation.

The Court agrees with plaintiff that the relief defendant seeks is outside the bounds of a Rule 12(b)(6) motion.  A court in reviewing a Rule 12(b)(6) motion must only consider the facts

---

[2] Defendant has also moved for a "declaratory judgment" under 28 U.S.C. § 2201(a) that the settlement bars plaintiff's claims. Recognizing, as pointed out by plaintiff, that a motion for declaratory judgment under this section is not the proper procedure for obtaining a declaratory judgment, defendant has withdrawn its request, and will seek this remedy through its answer and counterclaim.

3

alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999). A court may also consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Here, however, it is clear that plaintiff's complaint is not "based" on the purported settlement agreement that defendant asks the Court to consider. Thus, the Court cannot dismiss plaintiff's complaint on that document. See, e.g., Glauberzon v. Pella Corp., 2011 WL 1337509, at *15 (D.N.J. Apr. 7, 2011) (denying defendant's motion to dismiss on the basis that plaintiffs are barred from bringing their claims by virtue of a settlement agreement because the complaint makes no reference to the settlement); Medici v. Pocono Mountain Sch. Dist., 2010 WL 1006917, at *4 (M.D. Pa. Mar. 16, 2010) (denying motion to dismiss of defendants based on their argument that a settlement agreement between the parties defeated plaintiff's current claims because the settlement agreement was not attached to or reference in plaintiff's complaint).

In order for the Court to consider the purported settlement agreement, the Court must treat defendant's motion as a summary

4

judgment motion. Rule 12(d) provides, "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." The process of treating a motion to dismiss as a motion for summary judgment is known as "conversion." In re Rockefeller Ctr. Properties, Inc. Securitites Litig., 184 F.3d 280, 287 (3d Cir. 1999).

Even though defendant has requested in its reply brief the alternative relief that its motion should be treated as one for summary judgment, the Court finds that converting defendant's motion to dismiss into a summary judgment motion is not the judicially expeditious course at this time. This is because converting the motion would not provide defendant with the relief it is seeking – i.e., the determination that the settlement agreement bars plaintiff's claims against it. From plaintiff's submissions filed in opposition to defendant's motion, it is evident that as of at least October 8, 2014, when plaintiff's counsel sent a letter to defendant, plaintiff disputed that she reached any settlement with defendant. (Docket No. 13-2 at 38.) If the Court converted defendant's motion to dismiss into one for summary judgment, and considered the documents submitted by both parties, with the evidence of

5

plaintiff, as the non-moving party, being "believed and all justifiable inferences are to be drawn in [her] favor," Marino v. Industrial Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)), summary judgment would have to be denied due to genuine issues of material fact as to the impact of the settlement, if any, on plaintiff's claims. Thus, the conversion of defendant's motion will not advance the matter at this time.

The Court recognizes, however, defendant's position that it should not be forced to expend more time and expense in litigating plaintiff's claims if they are barred by a valid settlement agreement. Plaintiff appears to appreciate this concern, and suggests that the parties "should be given a limited timeframe within which to complete discovery related to Defendant's allegations of settlement with a schedule for briefing same following proper discovery." (Docket No. 9 at 2.) If defendant contends after such discovery that this action is barred by the purported settlement, it may file a properly supported motion for summary judgment at that time.

Accordingly, defendant's motion to dismiss plaintiff's complaint will be denied, and defendant's request to convert its motion into one for summary judgment will also be denied. The Court will grant plaintiff's motion for leave to file an amended complaint, finding that she is properly adding her new claims

6

after exhausting her administrative remedies.[3]  The First Amended Complaint, at Docket No. 15-3, shall be the operative pleading in this case going forward.  The parties are to meet with the Magistrate Judge to develop an expedited discovery plan to address defendant's contention that a settlement agreement bars plaintiff's entire complaint.

An appropriate Order will be entered.


Date: September 22, 2015                s/ Noel L. Hillman
At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.

---

[3] Amendments to pleadings are governed by Federal Civil Procedure Rule 15, which provides that the Court "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  An amendment must be permitted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment.  Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  Third Circuit precedent "supports the notion that in civil rights cases district courts must offer amendment--irrespective of whether it is requested--when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."  Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

7

8